UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD ROGALSKI,             )
                             )
       Plaintiff,            )     Case No. 1:07-cv-946
                             )
v.                           )     Honorable Janet T. Neff
                             )
GEORGE D. PRAMSTALLER,       )
                             )
       Defendant.            )
_____)

### ORDER DENYING MOTION FOR EXTENSION OF TIME

This was a civil rights action brought by a state prisoner. At the time this case was initiated in September 2007, plaintiff was a prisoner at the Florence Crane Correctional Facility. On October 22, 2008, the court received a letter from plaintiff (docket # 35) informing the court that he had been paroled over one month earlier and requesting that the court send all documents to the home of plaintiff's son on California Avenue in Romulus, Michigan. The court immediately amended its records to reflect plaintiff's new address. On October 29, 2008, a report and recommendation was issued, recommending that defendant's motion for summary judgment be granted on the ground of failure to exhaust administrative remedies. The Clerk's Office mailed a copy of the report and recommendation to plaintiff at the California Avenue residence in Romulus, Michigan, pursuant to his previous instruction. The time for objecting to the report and recommendation expired without action by plaintiff. On November 20, 2008, District Judge Janet T. Neff entered judgment on the basis of the report and recommendation.

On November 28, 2008, the Clerk's Office received a letter from plaintiff, asking for an extension of time in which to file objections to the report and recommendation. The only reason advanced for the request is that plaintiff was on parole and "just received" the report and recommendation at his son's house. The court will construe plaintiff's letter as a motion for extension of time. Under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, the court may grant an extension of time for good cause. Where, as here, the motion is made after the time has expired, the party must show that he failed to act "because of excusable neglect." Plaintiff has failed to show any excusable neglect for his failure to respond to the report and recommendation, which was issued thirty-four days ago. The Clerk's Office sent the report and recommendation to the very address that plaintiff had identified. Yet, more than a month later, plaintiff has failed to respond in any substantive fashion to the report and recommendation. Judge Neff waited well beyond the statutory ten-day period before entering judgment. As plaintiff was not a prisoner at the time the report and recommendation was issued, he cannot blame prison authorities for any dereliction on his part, nor is he entitled to the protection of the "mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988). Plaintiff has shown neither good cause nor excusable neglect to support his unreasonable request for an extension of time. Accordingly:

IT IS ORDERED that plaintiff's motion for extension of time (docket # 38) be and hereby is DENIED.

DONE AND ORDERED this 1st day of December, 2008.

/s/  Joseph G. Scoville
United States Magistrate Judge