UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| RONALD ROGALSKI, #257594, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:07-cv-946 |
| ) | |
| v. ) | Honorable Janet T. Neff |
| ) | |
| GEORGE PRAMSTALLER, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant. ) | |
| _____) | |

This case is before the court on remand from the United States Court of Appeals for the Sixth Circuit for a determination whether plaintiff should be granted an extension of time to file a late notice of appeal under Fed. R. App. P. 4(a)(5). For the reasons set forth below, I recommend that permission to file a late appeal be denied.

**Procedural History**

This was a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983, challenging the decision of medical officers of the Michigan Department of Corrections to deny his request for a reverse colostomy surgery on the grounds that the surgery was not medically necessary. On October 29, 2008, I issued a report and recommendation that defendants' motion for summary judgment be granted, on the ground that plaintiff had failed to exhaust administrative remedies before filing suit, as required by 42 U.S.C. § 1997e(a). Plaintiff did not respond to the report and recommendation, despite the clear notice on page 10 of his obligation to do so. On November 20, 2008, District Judge Janet T. Neff adopted the unobjected-to report and

recommendation and entered judgment against plaintiff and in favor of defendant.  (Judgment, docket # 37).  On December 1, 2008, plaintiff filed a motion for reconsideration, accompanied by a "response," affidavit, and brief in opposition to the summary judgment motion.  (docket #'s 40-43).  Judge Neff considered all submissions by plaintiff and, by order entered February 5, 2009, denied the motion for reconsideration, finding that plaintiff's submissions did not undermine the court's conclusion that plaintiff had failed to exhaust administrative remedies.  On the same day that the court issued its order, the Clerk received a notice from plaintiff (docket # 46) indicating that plaintiff had been released on parole and providing a Detroit, Michigan address.  The docket sheet shows that on the next day, February 6, 2009, the Clerk mailed a copy of the court's order denying the motion for reconsideration to plaintiff at the address that he had provided.

On March 30, 2009, the Clerk of this Court received a letter from plaintiff dated March 24, 2009, expressing his desire to appeal.  The letter was docketed as a notice of appeal. Although the notice contained plaintiff's Littlefield Street address in Detroit, Michigan, attached to the letter was a statement from an officer of the Wayne County Sheriff indicating that plaintiff had been incarcerated in the Wayne County Jail from February 27, 2009, through the date of the notice (March 9, 2009) because of a parole hold from the Michigan Department of Corrections.  The notice of appeal was dated March 24, 2009, well beyond the thirty-day time limit for initiating an appeal, established by Fed. R. App. P. 4(a)(1)(A).

By order entered April 30, 2009, the Court of Appeals determined that plaintiff's notice of appeal, filed on March 30, 2009, was late, because it came more than thirty days after the entry of the court's order of February 5, 2009, denying plaintiff's motion for reconsideration.  The

Court of Appeals remanded the case for this court's determination whether plaintiff is entitled to an extension of time to file a notice of appeal under the provisions of Fed. R. App. P. 4(a)(5).

### Discussion

Rule 4 of the Federal Rules of Civil Procedure establishes time limits for taking appeals in civil and criminal cases. The United States Court of Appeals for the Sixth Circuit has already ruled that plaintiff's notice of appeal was late, because it was filed more than thirty days after the entry of this court's order denying a time-tolling motion. The Court of Appeals remanded the case to this court, however, for the limited purpose of determining whether plaintiff should be granted an extension of time under Fed. R. App. P. 4(a)(5).

Appellate Rule 4(a)(5) invests the district court with discretion to extend the time to file a notice of appeal if the appellant moves no later than thirty days after the expiration of the time prescribed by Rule 4(a) *and* the party shows either excusable neglect or good cause. FED. R. APP. P. 4(a)(5)(A). In the Sixth Circuit, leave to file an untimely notice of appeal is to be granted only for unique or extraordinary circumstances. *See Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989). An order granting or denying an extension of time to file a notice of appeal will be reviewed for an abuse of discretion. *See Nicholson v. City of Warren*, 467 F.3d 525, 527 (6th Cir. 2006).

In his tardy notice of appeal, plaintiff sets forth the following justification for delay:

> The reason for my request being late is because I have been incarcerated in William Dickerson Facility for the County of Wayne on a parole violation. (See attached Proof of Incarceration).

(docket # 47). Attached to the late notice is a statement from the Wayne County Sheriff, to the effect that plaintiff was incarcerated in the Wayne County Jail from February 27, 2009, through the date

of the notice, March 9, 2009. By means of the statement, plaintiff apparently seeks to establish good cause for his late notice of appeal. "Good cause will be found where forces beyond the control of the appellant prevented [him] from filing a timely notice of appeal." *Nicholson*, 467 F.3d at 526 (citing *Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 630 (1st Cir. 2000)). Although plaintiff filed his request for an extension of time within the thirty-day window established by Appellate Rule 4(a)(5)(A)(i), he has not borne his burden of showing good cause under the rule.

The thirty-day time period for taking an appeal began on February 5, 2009, when Judge Neff entered her order denying plaintiff's time-tolling motion for reconsideration. The court's docket sheet shows that the Clerk mailed a copy of Judge Neff's order to plaintiff at the address he had provided. The time for filing a notice of appeal begins to run from the date of entry of the order denying the motion for reconsideration, not the date upon which the party receives notice. *See* FED. R. APP. P. 4(a)(4)(A)(iv) . Calculating the time for appeal as required by Fed. R. App. P. 26(a) discloses that the period ended on Monday, March 9, 2009. Plaintiff's notice of appeal is dated March 24, 2009. Even giving plaintiff the benefit of the "mailbox rule" created by Fed. R. App. P. 4(c)(1), his notice of appeal was filed well after the expiration of the thirty-day period created in Appellate Rule 4(a)(1), but within the extended thirty-day period allowed for the filing of motions for extension of time in Rule 4(a)(5)(A).

Nevertheless, plaintiff has failed to show good cause, that is, that he was prevented from filing a timely notice of appeal by circumstances beyond his control. The filing of a notice of appeal is a "modest task." *Isert v. Ford Motor Co.*, 461 F.3d 756, 758 (6th Cir. 2006). The only requirements are to specify the party taking the appeal, designate the judgment or order being appealed, and name the court to which the appeal is being taken. FED. R. APP. P. 3(c)(1). Judge

-4-

Neff's order was entered on February 5, 2009, and mailed to plaintiff the next day. At this time, plaintiff was not incarcerated but was free on parole, living in Detroit, Michigan. According to his own submissions, plaintiff was not lodged in the Wayne County Jail until February 27, 2009, three weeks after the Clerk mailed him a copy of Judge Neff's order. Plaintiff does not allege that he was unaware of the entry of the order, that he was incarcerated at the time of its receipt, or that any outside force impeded him from promptly filing a simple notice of appeal during this three-week period. It was only toward the end of the thirty-day time period that plaintiff became incarcerated because of a parole violation.[1] Furthermore, plaintiff's own evidence shows that he was able to receive a certificate from an official of the Wayne County Jail on March 9, 2009, but that he delayed in submitting his notice of appeal for an additional two weeks. This hardly shows diligence.

The present record does not establish that plaintiff's untimeliness was due to circumstances beyond his control. He therefore has failed to show good cause to excuse his failure to file a timely notice of appeal.[2]

---

[1] Furthermore, it is doubtful that incarceration, standing alone, creates any impediment to meeting court-imposed deadlines. Over forty percent of the cases filed in this court are brought by inmates of jails or prisons. The federal Constitution requires that prisoners be given substantial assistance in meeting their court deadlines.

[2] As the alternate standard, excusable neglect, is even more exacting, *a fortiori* plaintiff fails to meet this standard as well. *See Nicholson*, 467 F.3d at 526 ("Excusable neglect has been held to be a strict standard which is met only in extraordinary cases.").

**Recommended Disposition**

For the foregoing reasons, I recommend that plaintiff's notice of appeal, construed as a motion under Fed. R. App. P. 4(a)(5) for an extension of time, be denied for failure to show good cause.


Dated:   May 4, 2009                          /s/  Joseph G. Scoville
                                              United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).